IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GINA PADALECKI, EXECUTOR OF THE ESTATE OF OLGA V. SILVA, AND ANNETTE NEWTON,<br><br>*Plaintiffs,*<br><br>v.<br><br>BANK OF AMERICA N.A., AND W.A. MARTY LACOUTURE,<br><br>*Defendants.* | Civil Action No. SA-14-CV-267-XR |

## ORDER

On this day the Court considered Plaintiffs' Motion to Remand to State Court. Docket no. 4. For the following reasons the Court DENIES the motion.

### I.   BACKGROUND

Plaintiffs Gina Padalecki, executor of the estate of Olga V. Silva, and Annette Newton filed their state court petition, with an application for a temporary restraining order, in the 73rd Judicial District Court of Bexar County, Texas, on October 6, 2014. Docket no. 1-1. By their lawsuit, Plaintiffs sought 1) to stop a foreclosure sale, and 2) a declaratory judgment that Defendants Bank of America, N. A. (BANA) and W.A. Marty Lacouture do not have the authority to foreclose the property; essentially permanent injunctive relief to prevent foreclosure in the future. They also seek attorney's fees.

Olga Silva executed a note for $81,225.00 (the "Note") in favor of BSM Financial, L.P. DBA Gold Financial in exchange for a deed of trust (the "Deed of Trust") (collectively, the "Loan") to make the purchase of real property located at 5806 Rue Burgundy, San Antonio,

1

Texas 78240 (the "Property"), on June 6, 2005. The Loan was subsequently transferred to BANA.[1]

Silva died on April 12, 2012. Padalecki was appointed executor of Silva's estate.[2] Newton, Silva's daughter, allegedly resides on the Property. It is unclear from the record how or when the Loan went into default. However, Plaintiffs allege they submitted a fifth loan modification application at BANA's encouragement in April 2014. Defendants then sent a notice of intent to accelerate and foreclose on September 12, 2014, which set a foreclosure date for October 6, 2014. This notice was allegedly sent only to the Property; not directly to any of Silva's heirs or the executor of her estate.[3]

Plaintiffs further allege that their attorney specifically contacted Lacouture to inform him that the foreclosure sale would be conducted improperly due to the pending loan modification and improper notice, but Lacouture showed no signs of stopping the foreclosure sale before Plaintiffs filed their lawsuit in state court. Docket no. 1-1, at 4. Eventually, Plaintiffs filed this lawsuit and the foreclosure sale did not take place as scheduled. Defendants removed the case to federal court on November 3, 2014. Docket no. 1. Defendants then filed a motion to dismiss on November 10, 2014. Docket no. 3. Plaintiffs timely filed this motion to remand on November 24, 2014. The same day, they filed for leave to amend their complaint (docket no. 5), as well as their response to the motion to dismiss (docket no. 6). On December 1, 2014, the parties filed a joint motion to stay all proceedings to pursue a settlement and provide time for considering another loan modification application. Docket no. 7. The Court granted the motion to stay in part and denied in part. The case was stayed with regard to the motion to dismiss and leave to

---

[1] Though Plaintiffs' petition questions the validity of the assignment to BANA, that issue has no bearing on this motion to remand.
[2] Her relation to Silva is unclear from the record, but it appears she is one of Silva's daughters.
[3] This fact is clarified by Plaintiffs' proposed amended complaint (docket no. 5-2) that is not yet admitted into the record.

file the amended complaint, but denied with regard to the motion to remand.  Defendants then filed their response to the motion to remand on December 2, 2014.

## II.     LEGAL STANDARD

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a).  On a motion to remand, the court must consider whether removal was proper.  Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.*  A federal court originally has subject matter jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.  Citizenship of the parties and amount in controversy are based on the facts as they existed at the time of removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).  The court is only to consider the allegations in the state court petition; any amended complaints filed after removal are not considered. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove . . . [removal] was to be determined according to the plaintiffs' pleading at the time of the petition for removal.")).

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### III.     ANALYSIS

A court only has diversity jurisdiction when the parties are completely diverse, i.e. when no plaintiff is a citizen of the same state as any defendant. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  Not all named defendants are considered for diversity analysis. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).  A court may ignore improperly joined, non-diverse defendants. *Id*. A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  To establish improper joinder, a removing party must show a plaintiff cannot "establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).  A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

The improper joinder analysis closely resembles a Rule 12(b)(6) analysis. *Id*.  However, unlike in a traditional Rule 12(b)(6) analysis, the Court has discretion to review evidence on whether plaintiff has a viable cause of action against the non-diverse defendant under state law. *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 389 n. 10. (5th Cir. 2000)).  "The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).  Once a court determines a defendant to be improperly joined, the defendant is effectively dismissed from the action. *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x. 340, 347 (5th Cir. 2013) (per curiam).  Pursuant to *Cavallini* and

4

*Pullman*, the Court only considers Plaintiffs' state court petition on this motion for remand because the amended pleading, which has not yet been docketed, was not on file before removal.

A court may also ignore a named defendant for diversity analysis purposes if that defendant is a nominal party. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980). Whether a party is "nominal" for removal purposes depends on if, "in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Id.* (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). Additionally, a party is nominal if its role is limited to that of a "depositary or stakeholder." *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364, 366-67 (5th Cir. 2006). Whether a party is nominal does not depend on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant. *Id.*

Here, Plaintiffs and Defendant Lacouture are all citizens of Texas. BANA is diverse from the Plaintiffs because the bank's main office is located in North Carolina and is a resident of that state for purposes of diversity. The amount in controversy exceeds $75,000.[4] Defendants argue that Lacouture is improperly joined and nominal. If Lacouture is stricken from the suit, complete diversity exists and removal was proper. Therefore, the Court must determine if Lacouture was improperly joined or nominal. To prevent remand, Defendants must meet their heavy burden showing Plaintiffs have no reasonable basis for any of their claims against Lacouture. The causes of action asserted against Lacouture from the state petition, liberally

---

[4]Since Plaintiffs seek to enjoin a foreclosure sale, the amount in controversy is the value of Plaintiffs' property. *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy). The Bexar County Appraisal District valued Plaintiffs' property at $107,180.00. Docket no. 1-3

construed, are: 1) wrongful foreclosure; 2) breach of contract; and 3) negligence in breach of the "duty of fairness" a trustee owes a mortgagor.

All of Plaintiffs' causes of action against Lacouture rest on allegedly improper notice of the scheduled foreclosure on October 6, 2014.  Plaintiffs allege that after Silva died, as the executor of the estate and heirs, they were entitled to notice of intent to accelerate and foreclosure from the trustee, but were never sent such notice. Docket no. 1-1, at 4.  Plaintiffs argue this lack of notice is sufficient to have viably stated claims against Lacouture for violating the Texas Property Code, breaching the Deed of Trust, and breaching the duty of fairness and impartiality.  Docket no. 4, at 5-6.  Plaintiffs argue Lacouture is liable for "violation of trustee's duty to treat the parties fairly."  Docket no. 4, at ¶ 6 (citing several cases including *University Savings Assoc. v. Springwoods Shopping Center*, 644 S.W.2d 705 (Tex. 1982)).  Plaintiffs continue, "[w]hether it is by failing to give notice or by even posting, the trustee clearly breached his duty of fairness to the estate and to the heirs of this estate." *Id* at ¶ 9.

The Texas Property Code states lenders and trustees must provide notice of the foreclosure sale's time and place at least twenty-one (21) days prior to the sale.  TEX. PROP. CODE § 51.002(b).  For notice to be valid, it must be properly served in writing on the debtor. *Id*. "Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e).  Under Texas law, a foreclosure sale may be set aside as an invalid wrongful foreclosure if notice is improper under § 51.002. *See Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 232–234 (Tex. 1982); *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 n. 6 (5th Cir. 1989) ("[A] sale without the required twenty-one days' notice is invalid or void" in Texas).

Negligence claims in Texas require: 1) a legal duty owed by one person to another, 2) a breach of that duty, and 3) damages proximately caused by the breach. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). "The existence of a duty is a question of law." *Id.* In Texas, a trustee in the foreclosure context has a duty to "act with absolute impartiality and fairness" to both the mortgagor and mortgagee. *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977); *see Myrad Properties, Inc. v. LaSalle Bank Nat. Ass'n*, 300 S.W.3d 746, 751 (Tex. 2009) (holding that the trustee's duty runs to both the mortgagor and mortgagee). "The trustee in making the sale, and during the time the property is under the hammer, is expected to protect the interests of the grantor, to see that no fraud is practiced detrimental to his interests, and that no improper bid is accepted." *Fuller v. O'Neal*, 69 Tex. 349, 6 S.W. 181, 181 (1887); *see Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983) ("Compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale.").

Moreover, the duty of fairness and impartiality the trustee owes a borrower is not an independent cause of action under Texas law. *Marsh*, 760 F. Supp. 2d at 708-09. Instead, it is another way of asserting a claim for wrongful foreclosure. *Id.*; *McIntosh v. U.S. Bank Nat. Ass'n*, No. CIV.A. H-11-3874, 2012 WL 75141, at *4 (S.D. Tex. Jan. 10, 2012). A borrower can only viably state a claim for breach of the duty of fairness after a foreclosure sale has occurred. *See McIntosh*, 2012 WL 75141, at *4 (holding the trustee breached its "duty" to the borrower, but distinguishing from *Marsh* by noting the foreclosure sale was completed where it was not in *Marsh*). The duty arises "during the time the property is under the hammer;" not before. While the trustee is required to comply with the notice provision as a prerequisite to making the sale and his duty reaches back before the sale, the trustee cannot violate any duty until he makes the

7

sale.  *See Sanchez v. Bank of America, N.A.*, 5:13-cv-00087-HLH, *5 (W.D. Tex. March 19, 2013) (requiring a trustee to "take action" to have a claim viably stated against him to be properly joined).

Additionally, as Defendants point out, plaintiffs do not state claims against trustees in Texas for wrongful foreclosure under § 51.002 unless the foreclosure sale is completed.  *See Peterson*, 980 S.W.2d at 822; *Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi 2002, no pet.) ("[O]ne of the elements of wrongful foreclosure is an irregularity in the sale . . . Because there has been no foreclosure in this case, appellees' argument and their reliance on *First State Bank* and other cases involving wrongful foreclosure is misplaced.").

Indeed, the cases Plaintiffs cite in their motion to remand for the negligence and wrongful foreclosure claims all involve trustees who completed a foreclosure sale or were specifically found not liable because no foreclosure sale occurred.  *See e.g., Sanchez, N.A.*, 5:13-cv-00087-HLH, *5 (holding this same trustee, Lacouture, as properly joined specifically because he "took action" by completing a foreclosure sale); *Marsh v. Wells Fargo, N.A.*, 760 F.Supp.2d 701, 708-09 (N.D. Tex. 2011) ("Here, Plaintiffs cannot state a claim for wrongful foreclosure because no foreclosure sale has occurred."); *Clauer v. Heritgage Lakes Home Owners Ass'n*, 726 F.Supp.2d 668, 670-71 (E.D. Tex. 2010) (sale completion necessary for wrongful foreclosure action under the Texas Property Code).

Plaintiffs argue that the state of the law of trustee liability is "unsettled," which has resulted in remands to state court.  However, those cases also only involve trustees successfully selling the property.  *See e.g.*, *Minella v. Bank of America et al.*; 5:14-CV-00174-XR, docket no. 21 at 1 (W.D. Tex. April 1, 2014); *Huerta v. U.S. Bank*, 5:13-cv-00987-OLG, docket no. 14 at 2 (W.D. Tex. April 28, 2014) (Judge Garcia permitting leave to amend and then remanding the

8

case because the plaintiff properly stated a claim for wrongful foreclosure and breach of the deed of trust against a trustee who failed to give proper notice of foreclosure and then successfully sold the property); *Johnson v. Ocwen Loan Servicing, LLC*, No. 09-CV-47-JJ, 2009 WL 2215103, *1 (S.D. Tex. July 22, 2009) (trustee reasonably joined because he engaged in defective sale of property).

In this case, Lacouture, as trustee, did not complete a foreclosure sale so he is improperly joined in this lawsuit. Without the foreclosure sale successfully completed, Plaintiffs cannot state a viable claim for wrongful foreclosure under TEX. PROP. CODE. § 52.1002 or breach of the duty of fairness and impartiality.

The Deed of Trust here also requires notice sufficient to satisfy the Texas Property Code from the bank or the trustee. *See* the Deed of Trust, Docket no. 3-2, at ¶ 18. But Lacouture is not a party to the Deed of Trust, so he cannot be held liable for "breaching" the contract.

Further, Texas law also recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is a nominal party in a suit to prevent a foreclosure because a trustee is the definition of a "depositary or stakeholder." *See Union Oil Co. of Calif.*, 458 F.3d at 366-67. Texas Property Code Section 51.007 provides in part:

> "(c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.
>
> (d) If a respondent files a timely verified response to the trustee's verified denial, the matter shall be set for hearing. The court shall dismiss the trustee from the suit or proceeding without prejudice if the court determines that the trustee is not a necessary party.
>
> (e) A dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale."

TEX. PROP. CODE § 51.007.  Section 51.007 expressly provides that "[a] dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale."  Thus, Lacouture is not a necessary party for Plaintiffs to obtain the injunction to prevent foreclosure they seek.  Lacouture is nominal because in his absence, the Court can enter a final judgment consistent with equity that would not be in any way unfair or inequitable to the Plaintiffs.  *See Marsh*, 760 F. Supp. 2d at 709; *see also Gregory v. S. Tex. Lumber Co.*, 216 S.W. 420, 421 (Tex. Civ. App.—San Antonio 1919, writ dism'd w.o.j.) (substitute trustee is a nominal party in foreclosure).

The Court therefore dismisses Defendant Lacouture from this case pursuant to Federal Rule of Civil Procedure 21 because Plaintiffs do not reasonably state a claim against him and he is a nominal party.

## IV.   CONCLUSION

For the all the reasons stated above, Plaintiffs' Motion to Remand (docket no. 4) is DENIED.

It is so ORDERED.

SIGNED this 5th day of December, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE